**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAYEL PEREZ-VALENCIA,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | Case No.  1:23-cv-1123 JLT SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 8, 19) |

Mayel Perez-Valencia is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner asserts that he "earned time credits ('ETC') which, under the First Step Act, entitle him to immediate transfer into supervised release or pre-release custody, however, the BOP refuses to enable him to apply his ETC's (sic) because he has an immigration detainer with a box checked."  (Doc. 1 at 6.)  Respondent moves to dismiss the petition, arguing "Petitioner did not exhaust his administrative remedies" and that he is "jurisdictionally and statutorily barred from [First Step Act earned time credit] sentence-offsets due to the final order of removal from another federal court."  (Doc. 8 at 1, 3.)  Second, Respondent argues that "Petitioner lacks statutory authority under § 2241 to compel BOP's FSA ETC discretionary (sentence end-phase programming) action via declaratory and advisory opinions."  (*Id.* at 3.)  Finally, Respondent asserts that Petitioner did not "administratively challenge[] any finding related to FSA ETC earner calculation determinations,

1

1  and/or ineligibility to apply FSA ETC sentence-offsets." (*Id.* at 4.)  Respondent filed the final
2  order of removal in support of the motion to dismiss.  (Doc. 15.)
3        As an initial matter, the magistrate judge found "dismissal is not warranted on the ground
4  that it lacks jurisdiction to compel BOP discretionary action regarding [ETCs] because
5  application of [ETCs] to eligible prisoners who have earned them is *required*, not discretionary,
6  under the statute." (Doc. 19 at 5, emphasis in original.)  The magistrate judge determined that
7  "the exhaustion requirement should be excused in this case due to futility because Respondent has
8  determined that 'Petitioner is jurisdictionally and statutorily barred from FSA ETC sentence-
9  offsets due to a final order of removal.'" (Doc. 21 at 6, quoting Doc. 8 at 3.)  Nevertheless, the
10 magistrate judge observed that a final order of removal directs Petitioner's removal from the
11 United States and Petitioner "is ineligible to apply First Step Act earned time credits." (*Id.* at 6,
12 7.)  Therefore, the magistrate judge found "Petitioner cannot obtain the relief he seeks in the
13 petition," and recommended Respondent's motion to dismiss be granted.  (*Id.* at 7.)
14       The Court served the Findings and Recommendations on the parties and notified
15 Petitioner that any objections were due within 30 days.  (Doc. 19 at 7.) The Court advised the
16 parties that the "failure to file objections within the specified time may waive the right to appeal
17 the District Court's order." (*Id.* at 7-8, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th
18 Cir. 2014).)  Petitioner did not file objections, and the time to do so has passed.
19       According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.
20 Having carefully reviewed the matter, the Court concludes the Findings and Recommendations
21 are supported by the record and proper analysis.  Thus, the Court **ORDERS**:
22     1.    The Findings and Recommendations issued on July 1, 2024 (Doc. 19) are
23         **ADOPTED** in full.
24     2.    Respondent's motion to dismiss (Doc. 8) is **GRANTED**.
25 ///
26 ///
27 ///
28 ///

3. The petition for writ of habeas corpus is **DISMISSED,** and the Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: __**August 15, 2024**__                          /s/ Jennifer L. Thurston
                                                                         UNITED STATES DISTRICT JUDGE